```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION


  JOSEPH W. PALMISANO, III, individually and on
  behalf of his minor son, JORDAN PALMISANO           PLAINTIFFS


  VS.                         CIVIL ACTION NO: 5:14-CV-94-DCB-MTP


  MISSISSIPPI DEPARTMENT OF WILDLIFE,
  FISHERIES, & PARKS;
  GARY CRUMB; and ELI WHITAKER                        DEFENDANTS
```

## ORDER DENYING IN PART, GRANTING IN PART, AND DEFERRING IN PART MOTION TO DISMISS

This matter is before the Court on Defendant's, Mississippi Department of Wildlife, Fisheries and Parks, Motion to Dismiss for Lack of Jurisdiction **[docket entry no. 12]**. Having reviewed the motion and responses, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Factual and Procedural Background

In late October of 2013, Jordan Palmisano ("Jordan") was hunting on family property. After killing a deer, Jordan returned to the hunting camp to clean it, where he noticed a dead dog. Recognizing the dog, Jordan notified Defendant Eli Whitaker, the dog's owner. Jordan then returned home. While at home, Whitaker and

1

Defendant Gary Crum[1] arrived and according to the complaint "aggressively interrogated" Jordan, who is a minor. Whitaker is a former employee of Defendant Mississippi Department of Wildlife, Fisheries & Parks ("the Department"), and Crum is a current employee of the Department. After this, Plaintiff Joseph W. Palmisano, III ("Palmisano"), Jordan's father, claims that he "was questioned, his vehicles searched, and he was accused of shooting [Whitaker's] dogs." State Court Record 5, ECF No. 2. Crum then told Palmisano according to the complaint "that he could either pay to replace the dog and the vet bill, or he [would] be arrested on felony charges and lose his home, guns and all of his hunting and farming equipment." State Court Record 5. Palmisano claims that, fearing the consequences of refusal, he wrote out a check to Whitaker.

Palmisano filed suit in the Circuit Court of Wilkinson County on September 8, 2014. Palmisano brought claims against all three defendants under 42 U.S.C. Section 1983 and the Mississippi Tort Claims Act ("MTCA"). On October 22, 2014, the Department removed the case to federal district court. The Department moved to dismiss on January 14, 2015. Also pending is a motion to dismiss filed by Whitaker on January 29, 2015.

II. Analysis

---

[1] The docket and complaint identify the defendant as "Gary Crumb," but the responsive pleadings and subsequent motions correct the spelling of his surname as "Crum."

The Department argues that the claims against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6)[2] for failure to state a claim. The Department argues it is immune from liability through the Eleventh Amendment and that it is not a "person" for purposes of Section 1983 litigation. The Department further argues that Palmisano has failed to adequately state his claims against it under either Section 1983 or the MTCA.

### A. Rule 12(b)(1) Argument

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). "[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction." Id. A district court may dismiss a suit for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981).

The Department's chief argument against subject matter

---

[2] All references in this opinion are to the Federal Rules of Civil Procedure unless otherwise noted.

jurisdiction is its sovereign immunity flowing from the state of Mississippi's Eleventh Amendment immunity.[3] "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Immunity to suit, however, is waived when a state or state agency voluntarily invokes the jurisdiction of a federal court through removal. Meyers ex rel. Benzing v. Tex. (Meyers I), 410 F.3d 236, 242-43 (5th Cir. 2005). Because the Department removed this case, it has waived its immunity to suit.

The Fifth Circuit in Meyers I held that "the Constitution permits and protects a state's right to relinquish its immunity from suit while retaining its immunity from liability, . . . but that it does not require a state to do so." Id., at 255. On petition for rehearing, the Fifth Circuit clarified its holding to state that a state may waive its immunity to suit but still "assert its state sovereign immunity as defined by its own law as a defense against the plaintiffs' claims in the federal courts, but it may not use it to defeat federal jurisdiction or as a return ticket back to the state court system." Meyers ex rel. Benzing v. Tex. (Meyers II), 454 F.3d 503, 504 (5th Cir. 2006). Therefore, the

---

[3] Palmisano pleads that the Department is an arm of the state in his complaint. And the sovereign immunity of a state extends to "agencies acting under its control." P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).

Court will deny the motion to dismiss for lack of subject matter jurisdiction based on sovereign immunity. See Kelley v. Papanos, No. H110626, 2012 WL 208446, at *3 (S.D. Tex. Jan. 24, 2012).

### B. Rule 12(b)(6) Argument

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). The plaintiff must plead sufficient facts so that the court may reasonably infer the defendant's liability for the alleged misconduct. Id. "[A] plaintiff armed with nothing more than conclusions cannot unlock the doors of discovery." Doe v. Robertson, 751 F.3d 383, 393 (5th Cir. 2014) (internal quotations omitted).

The Department argues that it is sovereignly immune from liability in this case and that Palmisano has not adequately pled his claim under Section 1983. The Court finds that the Department is immune from suit under Section 1983. "There has been no Congressional abrogation of state sovereign immunity as to claims under § 1981, 1983, 1985 or 1986." Delaney v. Miss Dep't of Public Safety, No. 3:12cv229, 2013 WL 286365, at *3 (S.D. Miss. Jan. 24, 2013) (citing Hines v. Miss. Dep't of Corr., 239 F.3d 366 (5th Cir. 2000)). "Further, the State of Mississippi has not waived its sovereign immunity from liability in suits arising under §§ 1983 1985 or 1986." Id. (holding that the MTCA expressly reserves

immunity from such suits). Because the Court finds that the Department is immune from liability in a Section 1983 suit, Palmisano has not plead a claim on which he might have some possibility of recovery. Therefore, the Court will grant the motion to dismiss for failure to state a claim as to the Section 1983 claim. The Court does not reach the question of whether the Department is a "person" for purposes of Section 1983 litigation.

Turning to the state law claims under the MTCA, the Court notes that there is nothing in the record before it to show that Palmisano complied with the notice provisions of Mississippi Code Section 11-46-11. This can be a sufficient basis to dismiss. See Ratcliff-Sykes v. Miss. Reg'l Hous. Auth. VI, No. 3:11cv712, 2012 WL 5997441, at *2 n.1 (S.D. Miss. Nov. 30, 2012). But because the Department did not raise this procedural defense in its motion, the Court will, out of an abundance of caution, assume arguendo that this requirement was satisfied to reach the merits of the argument. The Department argues that Palmisano has not pled any claims that fall within the purview of the MTCA. The MTCA waives governmental immunity for "the torts of [state] employees while acting within the course and scope of their employment," but it excludes from the "course and scope of employment" "any conduct of [state] employee[s] if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than

6

traffic violations."[4] Miss. Code Ann. § 11-46-5(1), 11-46-5(2) (1992). Because Palmisano did not identify any particular tort actions in his complaint, the Court is at somewhat of a disadvantage in applying this statute.[5] Therefore, the Court will defer ruling on this motion and order Palmisano to submit to the Court what tort actions he alleges in this case and whether they are subject to the MTCA. The Court finds that no response from the Department will be necessary because the Court will not consider any facts not already alleged in the complaint.[6]

III. Order

IT IS HEREBY ORDERED that the Motion to Dismiss for Lack of

---

[4] The Department simplifies this statute in its briefing to mean that all intentional torts are excluded from the MTCA, but this is not the case. See Zumalt v. Jones Cnty. Bd. of Supervisors, 19 So. 3d 672, 689 (Miss. 2009) ("[C]onversion is an intentional tort arguably subject to the MTCA" because it "does not require proof of fraud, malice, libel, slander, or defamation.")

[5] Helpfully, Palmisano asserts in his brief that he is making claims for negligent infliction of emotional distress, conspiracy, and pure negligence. Mem. Opp. 1, 4. While claims of negligent infliction of emotional distress and pure negligence "indisputably fall[] within the scope of the MTCA," Klingler v. Univ. of So. Miss., No. 2:12cv150, 2013 WL 6328852, *17 (S.D. Miss. Dec. 5, 2013), claims for civil conspiracy do not, see Bradley v. Kelley Bros. Contractors, Inc., 117 So. 3d 331, 341 (holding that the conspiracy claim was "based on alleged conduct outside the scope of . . . employment"). The Court finds this is insufficient information to render a decision on this motion.

[6] Palmisano may also, in lieu of responding to this order, move to amend his complaint. Any amendment, if allowed, would render moot all pending motions to dismiss based on the original complaint. See Prater v. Wilkinson Cnty., Miss., No. 5:13cv23, 2014 WL 5465372, at *3 (S.D. Miss. Oct. 28, 2014).

Jurisdiction is DENIED IN PART, GRANTED IN PART, and DEFERRED IN PART.

FURTHER ORDERED that the Motion to Dismiss for lack of subject matter jurisdiction is DENIED.

FURTHER ORDERED that the Motion to Dismiss for failure to state a claim is GRANTED IN PART and DEFERRED IN PART. The 42 U.S.C. § 1983 claim against Defendant Mississippi Department of Wildlife, Fisheries & Parks is DISMISSED WITH PREJUDICE. And Plaintiff Joseph W. Palmisano shall submit to the Court within one week of the date of entry of this order information concerning what tort actions he alleges in this case or move to amend the complaint.

SO ORDERED this the 11th day of March 2015.

*S/Keith Starrett*
UNITED STATES DISTRICT JUDGE