# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JOSEPH W. PALMISANO,** *et al.*                                             **PLAINTIFFS**

**V.**                                          **CIVIL ACTION NO. 5:14-CV-94-KS-MTP**

**MISSISSIPPI DEPARTMENT OF**
**WILDLIFE, FISHERIES, & PARKS,** *et al.*                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part, denies in part, and defers in part** Defendant Eli Whitaker's Motion to Dismiss [17]. The Court **denies without prejudice** Plaintiffs' Motion for Leave to File [23] an Amended Complaint. Plaintiff may again seek leave to file an Amended Complaint on or before **May 12, 2015**.

### A.   *Background*

This case arises under 42 U.S.C. § 1983. The Court provided its factual background in a previous order. *See Palmisano v. Miss. Dept. of Wildlife, Fisheries, & Parks*, No. 5:14-CV-94-KS-MTP, 2015 U.S. Dist. LEXIS 29876, at *1-*3 (S.D. Miss. Mar. 11, 2015). Defendants Mississippi Department of Wildlife, Fisheries, and Parks ("MDWFP") and Eli Whitaker filed Motions to Dismiss [12, 17]. The Court [22] granted in part, denied in part, and deferred in part MDWFP's motion. *Id.* at *8-*9. The Court granted the motion with respect to Plaintiffs' Section 1983 claim against Defendant MDWFP, but it deferred ruling on Plaintiffs' state tort claims. *Id.* Plaintiffs subsequently filed a Motion for Leave to File [23] an Amended Complaint.

### B.   *Whitaker's Motion to Dismiss [17]*

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

　　1.　　*Civil Conspiracy*

First, Whitaker argues that Plaintiffs failed to state a claim for civil conspiracy. As previously noted, Plaintiffs failed to identify any particular tort claims in their Complaint. *Palmisano*, 2015 U.S. Dist. LEXIS 29876 at *6-*7. For purposes of addressing the present motion, the Court will assume that Plaintiffs intended to plead a claim for civil conspiracy. "Under Mississippi law, a conspiracy is a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Gallagher Bassett Servs. v. Jeffcoat*, 887 So. 2d 777, 786 (Miss. 2004). The elements of civil conspiracy are: "(1) two or more persons or corporations; (2) an object

2

to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result." *Id.* The third element "requires an agreement between the co-conspirators." *Id.*

Plaintiffs alleged no specific facts indicating an agreement or meeting of the minds between Defendants Crum and Whitaker. Plaintiffs only provided the conclusory allegation that they conspired to harass him. Accordingly, the Court grants Defendant Whitaker's motion to dismiss with respect to any purported civil conspiracy claim under Mississippi law. *See BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, No. 2:11-CV-136-KS-MTP, 2012 U.S. Dist. LEXIS 24420, at *16-*17 (S.D. Miss. Feb. 27, 2012) (dismissing conspiracy claim because plaintiff failed to allege any facts concerning an agreement between alleged co-conspirators).

2. *42 U.S.C. § 1983*

Next, Whitaker argues that Plaintiffs failed to state a claim against him under 42 U.S.C. § 1983 insofar as he is not a state actor. "Section 1983 provides a remedy if the deprivation of federal rights takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory,' more commonly known as the 'under color of state law' or 'state action' requirement." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005). "Private individuals generally are not considered to act under color of law, i.e., are not considered state actors . . . ." *Id.* "Notwithstanding this limitation, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in a joint activity with state actors." *Id.* In other words, a private individual may act "under color of state law" if he

3

"jointly engaged with the state official in the challenged action." *Id.* (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980)).

Although Plaintiffs alleged insufficient facts to support a plausible conspiracy claim, they alleged sufficient facts to support a plausible claim that Whitaker acted jointly with Crum in the alleged interrogation and search. They alleged that both Whitaker and Crum interrogated Jordan Palmisano and searched Plaintiffs' vehicles. Assuming *arguendo* that these actions constitute deprivations of federal rights, Plaintiffs alleged sufficient facts to demonstrate that Whitaker participated in them. Therefore, the Court denies Whitaker's motion to dismiss with respect to Plaintiffs' Section 1983 claims.

*3. Torts*

Finally, Whitaker argues that any torts alleged by Plaintiffs should be dismissed for failure to state a claim. Again, Plaintiffs failed to identify any particular tort claims in their Complaint. *Palmisano*, 2015 U.S. Dist. LEXIS 29876 at *6-*7. Whitaker speculates that Plaintiffs intended to plead claims of negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. The Court, however, declines to guess what Plaintiff intended to plead and defers addressing any additional tort claims unless/until Plaintiff files an Amended Complaint. Upon filing of an Amended Complaint, Whitaker may reassert this aspect of his motion.

*4. Amended Pleading*

The Court frequently allows plaintiffs to amend their complaint and correct pleading deficiencies. *See, e.g. Hattiesburg v. Hercules, Inc.*, No. 2:13-CV-208-KS-MTP,

4

2014 U.S. Dist. LEXIS 40993, at *15 (S.D. Miss. Mar. 27, 2014); *Sanford v. TIAA-CREF Individual & Inst. Servs., LLC*, No. 2:11-CV-122-KS-MTP, 2012 U.S. Dist. LEXIS 23600, at *10 (S.D. Miss. Feb. 24, 2012); *Bryant v. Holder*, No. 2:10-CV-76-KS-MTP, 2011 U.S. Dist. LEXIS 23975, at *39-*40 (S.D. Miss. Feb. 3, 2011). It shall do the same here. On or before **May 12, 2015**, Plaintiff may seek leave to file an Amended Complaint that corrects any pleading deficiencies.

C.     ***Motion for Leave to File [23] Amended Complaint***

The Court denies without prejudice Plaintiffs' pending Motion for Leave to File [23] an Amended Complaint, as the proposed Amended Complaint does not address the pleading deficiencies discussed above. However, as provided above, Plaintiff may seek leave to file an Amended Complaint that corrects any pleading deficiencies on or before **May 12, 2015**.

SO ORDERED AND ADJUDGED this 28th day of April, 2015.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE